# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THIRBOHAN SINGH, )<br>)<br>    Plaintiff, )<br>)<br>V. )<br>)<br>NATIONSTAR MORTGAGE, LLC )<br>)<br>    Defendant. )<br>) | CIVIL ACTION NO.<br>1:14-cv-01737-CC-ECS |

## DEFENDANT NATIONSTAR MORTGAGE LLC'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S PETITION FOR DECLARATORY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Nationstar Mortgage, LLC ("Nationstar" or "Defendant") hereby files this Brief in Support of its Motion to Dismiss Plaintiff's Petition for Declaratory Judgment.

## I.     INTRODUCTION

Plaintiff Thirbohan Singh ("Plaintiff") brings a Petition for Declaratory Judgment in attempt to delay state court eviction proceedings. Plaintiff's Petition consists of a list of "Mandatory Authority" and seven (7) paragraphs. *See* [Doc. 1-1] at 4-6. As best as Nationstar can discern, Plaintiff is attempting to state claims for: (1) declaratory relief, (2) failure to modify his loan, (3) Fair Debt Collection Practice Act ("FDCPA") violation, (4) Real Estate Settlement Procedures Act

("RESPA") violation, (5) wrongful foreclosure, and (6) injunctive relief.[1] Plaintiff alleges no specific factual allegations to support these claims. Aside from the "Mandatory Authority" section, Plaintiff's Petition gives Nationstar no notice of claims that Plaintiff is asserting against it. Plaintiff fails to allege facts sufficient to show he is entitled to relief on any claim, and therefore, Plaintiff's Petition should be dismissed.

## II. BRIEF FACTUAL BACKGROUND

Plaintiff executed a Security Deed on January 25, 2006, naming Mortgage Electronic Registration Systems ("MERS") as Grantee, and SunTrust Mortgage, Inc. as Lender. A copy of the recorded Security Deed is attached hereto as **Exhibit A**. Plaintiff borrowed $140,300.00 and secured the loan with 2802 Toney Drive, Lawrenceville, Georgia 30044 (the "Subject Property"). MERS assigned the Security Deed to SunTrust Mortgage, Inc. on April 29, 2009. A copy of the recorded Assignment is attached hereto as **Exhibit B**. SunTrust Mortgage, Inc. then assigned the Security Deed to Nationstar Mortgage, LLC on December 26, 2013. A copy of the recorded Assignment is attached hereto as **Exhibit C**.

---

[1] Plaintiff also alleges that non-party Chase Bank discriminated against Plaintiff because of his race. *See* [Doc. 1-1] at 5, ¶ 3.

After Plaintiff defaulted, Nationstar Mortgage, LLC exercised the Security Deed's Power of Sale on April 1, 2014. A copy of the recorded Deed Under Power is attached hereto as **Exhibit D**. Nationstar then transferred the Security Deed to Federal Nationstar Mortgage Association ("Fannie Mae") on April 14, 2014. A copy of the recorded Limited Warranty Deed is attached hereto as **Exhibit E**.

### III. ARGUMENT AND CITATION TO AUTHORITY

#### A. Motion to Dismiss Standard

A Rule 12(b)(6) motion to dismiss may be granted when a plaintiff fails to comply with notice pleading requirements. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). Federal Rule of Civil Procedure 8 requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). To comply with Rule 8, a complaint must provide "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005) (internal quotations omitted). While notice pleadings do not require a plaintiff to allege specific facts "to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec.*

*Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (internal quotations omitted).

To avoid Rule 12(b)(6) dismissal, the Supreme Court has held that a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court must take the allegations pleaded in Plaintiff's Petition as true, the Court is not required to accept as true Plaintiff's unwarranted deductions of fact or Plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (finding the court is not required to accept "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts"). The *pro se* filing of a complaint is held to less stringent standards than pleadings drafted by lawyers, however, "the Court [] 'need not accept as true legal conclusions or unwarranted factual inferences' in *pro se* complaints." *Fobbs v. SunTrust Mortg.*, No. 1:10-cv-2583-TWT-CCH, 2011 WL 1541278, at *2 (N.D. Ga. 2011) (quoting *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006)). Moreover, this leniency does not excuse a *pro se* plaintiff from compliance with threshold requirements of the Federal Rules of

Civil Procedure. *Fobbs*, 2011 WL 1541278, at *2 (citing *Trawinski v. United Techs.*, 313 F.3d 1295, 1297 (11th Cir. 2002)).

**B. Plaintiff's Petition is a shotgun pleading.**

The Petition contains unidentifiable claims, lists of federal and state statutes, and no factual allegations. One allegation is directed towards a non-party, Chase Bank. Plaintiff fails to connect his conclusory statements of Nationstar's alleged legal violations to specific factual allegations. It is impossible to determine exactly what claims Plaintiff is asserting against Nationstar. Plaintiff's Petition's "failure to link factual allegations to specific counts makes it a quintessential shotgun pleading. As such, it does not comply with Rule 8(a)…." *Frantz v. Walled*, 513 Fed. Appx. 815, 821 (11th Cir. 2013). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." *Id.* (citing *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 (11th Cir. 2008)). "This is because, from a shotgun pleading, 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Id.* (quoting *Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)) (alterations in original). Plaintiff's Petition should be dismissed. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

### C. **Plaintiff is not entitled to declaratory relief.**

Plaintiff is not entitled to any declaratory relief. Under Georgia law, a declaratory judgment:

> does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there exists some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct . . . .

*Mayor and Council of Athens v. Gerdine*, 202 Ga. 197, 197 (1947). "To proceed under a declaratory judgment a party must establish that it is necessary to relieve himself of the risk of taking some future action that, without direction, would jeopardize his interests." *Plantation Pipe Line Co. v. Milford*, 257 Ga. App. 709, 712 (2002) (citing *Porter v. Houghton*, 273 Ga. 407 (2001)).

Here, Plaintiff does not allege that he is uncertain or insecure with regard to some future action. Instead, Plaintiff requests declaratory relief with no factual support or explanation as to the meaning of each request. Plaintiff has not alleged sufficient facts to show he is entitled to declaratory relief under Georgia law. *See e.g. Plantation Pipe Line*, 257 Ga. at 712. ("no facts or circumstances are alleged which show that an adjudication of the plaintiff's rights is necessary").

### D. Nationstar's alleged refusal to modify Plaintiff's loan does not entitle Plaintiff to any relief.

Plaintiff contends that Nationstar would not modify his loan, but this is not a claim for which relief can be granted. *See* [Doc. 1-1] at 4-5, ¶¶ 1, 4, and 5. Nationstar has no duty to modify the loan or Security Deed. *Ceasar v. Wells Fargo Bank, N.A.*, 322 Ga. App. 529, 533 (2013); *see also Love v. Bank of America, N.A.*, No. 1:13-CV-01617-RWS, 2014 EL 1292652 (N.D. Ga. March 31, 2014) (same); *Moore v. McCalla Raymer, LLC*, 916 F.Supp. 2d 1332, 1343 (N.D. Ga. 2013) ([S]eeking a loan modification does not give Plaintiff a cause of action for wrongful foreclosure."); *Freeman v. Wells Fargo Bank, N.A.*, No. 1:12-CV-2854-RWS, 2013 WL 2637121 (N.D. Ga. June 11, 2013) ("Wells Fargo was under no obligation to modify Plaintiff's loan … entering into modification negotiations would not have excused Plaintiff from making payments under the terms of the Note and Security Deed."). Any claim based on Plaintiff's allegation that Nationstar failed to modify his loan is meritless and should be dismissed.

### E. Plaintiff's Fair Debt Collection Practices Act claim fails.

Plaintiff's FDCPA claims should be dismissed because the FDCPA "'applies only to debt collectors and not to creditors or mortgage servicers.'" *Watkins v. Beneficial, HSBC Mortg.*, No. 1:10-cv-1999-TWT-RGV, 2010 WL 4318898, at *2 (quoting *Humphrey v. Wash. Mut. Bank, F.A.*, No. 1:06-cv-1367 -

JOF, 2007 WL 1630639, at *2 (N.D. Ga. June 1, 2007)); *see also Hasbin v. Recontrust Co.*, 508 Fed. Appx. 941, 942 (2013) ("The FDCPA expressly excludes from the term debt collector any person collecting or attempting to collect any debt owed or due or asserted to be owed or due … to the extent such activity is incidental to a bona fide fiduciary obligation." (internal citations and quotations omitted)). Nationstar is a mortgage servicer and not a debt collector subject to the FDCPA.

Moreover, non-judicial foreclosure is not a debt collection activity for purposes of the FDCPA because "the plain language of the FDCPA supports the ... conclusion that foreclosing on a security interest is not debt collection activity for purposes of § 1692g." *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458, 460 (11th Cir. 2009); *see also Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (holding that a mortgage foreclosure action does not qualify as "debt collection" under the FDCPA because "'foreclosing ... is an entirely different path. Payment of funds is not the object of the foreclosure action.'") (quoting *Hulse v. Ocwen Fed. Bank*, *FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002)).

Further, Plaintiff fails to allege any facts to support this FDCPA claim. He does not allege any conduct by Nationstar that violated the FDCPA and he does

not allege what FDCPA provision was allegedly violated. Plaintiff has failed to state a claim under the FDCPA and his FDCPA claim should be dismissed.

**F. Plaintiff's Real Estate Settlement Procedure Act claim fails.**

Plaintiff's bare allegation that "Nationstar Mortgage did unlawfully violate 28 U.S.C. § 1201 (RESPA) with foreclosure proceeding" is insufficient to state a RESPA violation. *See* [Doc. 1-1] at 5, ¶ 7. RESPA outlines certain actions to be followed by entities or persons responsible for servicing federally related mortgage loan. *Boone v. JP Morgan Chase Bank*, 447 Fed. Appx. 961, 964 (11th Cir. 2011). Plaintiff does not allege any conduct by Nationstar that violated RESPA and he does not allege what RESPA provision was allegedly violated. Plaintiff's Petition does not afford Nationstar fair notice of his RESPA claim. Further, the Petition does not include factual allegations sufficient to raise Plaintiff's "right to relief above the speculative level." *See e.g. Frazile v. EMC Mortg. Corp.*, 382 Fed. Appx. 833, 837 (11th Cir. 2010) (affirming district court's finding that plaintiff failed to state a RESPA claim).

**G. Plaintiff fails to state a claim for wrongful foreclosure.**

**1. Plaintiff has failed to tender the amount owed on the loan.**

Plaintiff does not allege that he has tendered or will tender the amount admittedly owed, and this is fatal to his claim. *See* [Doc. 1-1]. Georgia courts have

long abided by the maxim "he who would have equity must do equity." *See* O.C.G.A. § 23-1-10; *Everson v. Franklin Disc. Co.*, 248 Ga. 811, 813 (1982). This maxim has long been applied to claims seeking to set aside foreclosure sales. In *Keith v. Yarbrough*, 231 Ga. 770 (1974), the petitioner sought to have a foreclosure sale and the deed evidencing said sale set aside. The Court refused to grant relief, stating:

> It is noted that no tender of the past due payments under either indebtedness evidenced by the deeds to secure debt has been made. This court has held on numerous occasions that such a tender must be made where a complainant seeks the aid of equity in setting aside and cancelling a deed under a foreclosure sale, citing the maxim that 'He who would have equity must do equity, and give effect to all equitable rights in the other party respecting the subject matter of the suit.'

*Yarbrough*, 231 Ga. at 772; *see also Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1343 (N.D. Ga. 2013) (applying Georgia law and reasoning as a prerequisite to seeking "***any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan***") (emphasis added).

Plaintiff's failure to tender the amount due is fatal to Plaintiff's wrongful foreclosure claim.[2] Plaintiff's wrongful foreclosure claim should accordingly be

---

[2] *See Liles v. County Bank of Camden*, 151 Ga. 483 (1921) ("before a borrower who has executed such a deed can have affirmative equitable relief, such as injunction to prevent exercise of the power of sale by the grantee in such security deed, he must pay or tender to such grantee the principal and lawful interest due to him."); *Biggers v. Home Bldg. & Loan Ass'n*, 179 Ga. 429, 431 (1934) ("Before one who

dismissed.

## 2. Plaintiff fails to allege violations of O.C.G.A. § 44-14-162.2

Plaintiff contends that Nationstar "did unlawfully violate O.C.G.A. § 44-14-162.2 with the threat of foreclosure proceeding conducted above and beyond true market value of the property." *See* [Doc. 1-1] at 5, ¶ 6. Although it is unclear, Plaintiff appears to argue that Nationstar violated O.C.G.A. § 44-14-162.2 because the Subject Property sold ***above*** its true market value at the non-judicial foreclosure sale. Plaintiff fails to allege any facts to support this allegation, and, even if this allegation were true, a non- judicial foreclosure sale of property at above market value does not violate O.C.G.A. § 44-14-162.2. That provision governs notice requirements in a non-judicial foreclosure sale and has no bearing on the sale price of the Subject Property. Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure based upon violation of O.C.G.A. § 44-14-162.2.[3]

---

has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due."); *Coile v. Fin. Co. of Am.*, 221 Ga. 584, 585 (1965) (same); *Hill v. Filsoof*, 274 Ga. App. 474, 476 (2005) (same).

[3] Plaintiff also lists the following statutes in his Petition: O.C.G.A. § 0-4-1, O.C.G.A. § 44-14-184, 28 U.S.C. § 1367, 11 U.S.C. § 362(c), 12 U.S.C. § 3755, 12 U.S.C. § 3758(1), 12 U.S.C. § 3752(1), 12 U.S.C. § 3758(2)(A)(1), 12 U.S.C. § 3758(3)(A), and "Article 3 section 603 of the UCC." *See* [Doc. 1-1] at 4. Plaintiff's

### H. Plaintiff is not entitled to injunctive relief.

Plaintiff requests that this court stay all eviction proceedings against Plaintiff. *See* [Doc. 1-1] at 6, ¶ 4. The Anti-Injunction Act, 28 U.S.C. § 2283 "prohibits a federal court from 'grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 675 (11th Cir. 2012) (*quoting* 28 U.S.C.S. § 2283). "[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti-Injunction Act." *Id*. None of the three exceptions are present in this case.

Moreover, Plaintiff is not entitled to injunctive relief because he cannot show a likelihood of success on the merits. Before a court can grant injunctive relief, the moving party must show: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that if issued, the

---

listing of these statutes in his Petition—without ***any factual allegations or explanation***—is not enough to state a claim for violation of the statutes. Thus, Plaintiff has failed to state a claim for relief with regard to any of these statutes.

injunction would not be adverse to the public interest. *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006); *see also Suggs v. Bank of America, et al.*, No. 1:13-CV-00015-JEC-LTW (July 29, 2013). Because Plaintiff's Petition fails to state any claims, Plaintiff fails to show a substantial likelihood of the success on the merits or that he has suffered irreparable harm for which Nationstar would be liable. Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

## IV. CONCLUSION

For the reasons stated above, Nationstar respectfully requests that this Court grant the Motion to Dismiss and dismiss Plaintiff's Petition.

Respectfully submitted this 11th day of June, 2014.

        **/s/ Christopher S. Anulewicz**
        Christopher S. Anulewicz
        Georgia Bar No. 020914
        E-mail: canulewicz@balch.com
        Geremy Gregory
        Georgia Bar No. 885342
        E-mail: ggregory@balch.com

        **BALCH & BINGHAM LLP**
        30 Ivan Allen Jr. Blvd. N.W., Suite 700
        Atlanta, GA 30308

Telephone: (404) 261-6020
Facsimile: (404) 261-3656

ATTORNEYS FOR NATIONSTAR
MORTGAGE LLC

## **CERTIFICATE OF COUNSEL REGARDING FONT SIZE**

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D).

This 11th day of June, 2014.

                                        **/s/ Christopher S. Anulewicz**
                                        Christopher S. Anulewicz
                                        Georgia Bar No. 020914

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Defendant Nationstar Mortgage LLC's Brief In Support Of Motion To Dismiss Plaintiff's Petition** has been filed with the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 11th day of June, 2014.

Thirbohan Singh
2802 Toney Drive
Lawrenceville, GA 30044


/s/Christopher S. Anulewicz
Christopher S. Anulewicz
Georgia Bar No. 020914