IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THIRBOHAN SINGH          :
                         :
     Plaintiff,          :          CIVIL ACTION
                         :
v.                       :          NO. 1:14-CV-1737-CC-ECS
                         :
NATIONSTAR MORTGAGE, LLC :
                         :
     Defendant.          :

**FINAL REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter arises in connection with foreclosure proceedings

regarding real property located at 2802 Tony Drive, Lawrenceville,

Georgia 30044. Presently before the Court is Defendant's motion to

dismiss the pro se Plaintiff's "Petition for Declaratory Judgement,"

construed herein as his complaint, for failure to state any claim

for relief. [Doc. 4]. Plaintiff has filed no response in opposition

to the motion to dismiss, and the fourteen-day period for filing a

response has expired. See LR 7.1B, NDGa. Accordingly, Defendant's

motion to dismiss is deemed unopposed. See id.

**I.
Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

a motion to dismiss should be granted if the plaintiff does not

plead "enough facts to state a claim to relief that is plausible on

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007);

accord <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. <u>M.T.V. v. DeKalb Cnty. Sch. Dist.</u>, 446 F.3d 1153, 1156 (11th Cir. 2006); <u>In re Johannessen</u>, 76 F.3d 347, 350 (11th Cir. 1996).

Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions." <u>Twombly</u>, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Iqbal</u>, 556 U.S. at 678 (brackets and internal quotation marks omitted). Allegations of fact "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555. "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002).

Pleadings drafted by <u>pro se</u> litigants "are held to a less stringent standard than pleadings drafted by attorneys" and are, therefore, "liberally construed." <u>Tannenbaum v. United States</u>, 148

2

F.3d 1262, 1263 (11th Cir. 1998). "Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). But "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (holding that court need not allow opportunity to amend when plaintiff is represented by counsel).

## II.
## Plaintiff's Allegations

Plaintiff's complaint contains very few factual allegations. Reduced to its essence, the complaint alleges that Defendant refused to negotiate a modification of his mortgage loan; "insist[ed]" that

3

he "transfer funds to them with nothing in writing from them only their promises"; "repeatedly refused" to reduce the principal and interest of the loan; told him no payments had been received "while [he] was trying to work it out with them"; misled and misinformed him "as to what they could and would do"; violated O.C.G.A. § 44-14-162.2 "with the threat of foreclosure proceedings conducted above and beyond true market value of the property"; and violated "28 USCA 1201 (RESPA)[1] with foreclosure proceeding[s]."[2] [Doc. 1-1 at 4-5]. He includes a paragraph of "Mandatory Authority" that lists several federal statutes and a provision of the Uniform Commercial Code ("UCC"), but, with the exception of the erroneous RESPA citation, he does not connect any "Mandatory Authority" to the facts alleged. [Id. at 4].

On the basis of the above hodgepodge of assertions, Plaintiff seeks an injunction to prohibit "any sale" of the subject property; specific performance of "a purchase and sale agreement and/or modification and/or whatever this honorable court deems fair and just in the eyes of the law"; declaratory relief pursuant to O.C.G.A. § 9-4-1; compensatory damages in the amount of $150,000;

---

[1] The Real Estate Settlement Procedures Act ("RESPA") is actually codified at 12 U.S.C. § 2601 et seq.

[2] Plaintiff also alleges that Chase Bank, who is not a named defendant in this action, "violate[d] and discriminate[d]" against him because of his race. [Doc. 1-1 at 5].

AO 72A
(Rev.8/82)

an injunction staying any eviction proceedings against Plaintiff "and all others"; and a court determination that Plaintiff not be required to make rent payments into the Court's registry of more than $400 per month. [Id. at 5-6].

### III.
### Discussion

Defendant argues that Plaintiff's complaint should be dismissed on the grounds that it is a "shotgun" pleading and that it fails to state any claim for relief. [Doc. 4-1 at 5-13]. As noted above, Defendant's motion is unopposed.

After reviewing Plaintiff's complaint, the undersigned does not find it to be a shotgun pleading. "The typical shotgun pleading complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); accord Pelletier v. Zweifel, 921 F.2d 1465, 1518 (11th Cir. 1991). Shotgun complaints also often name several defendants without specifying which claims are asserted against which defendants. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Here, by contrast, the complaint contains only seven paragraphs and names a single defendant. See [Doc. 1-1 at 4-5]. The

5

flaw in Plaintiff's complaint is not that it alleges an excess of immaterial facts but that it contains too few factual allegations to state any claim for relief.

Defendant identifies the following as the only possible claims that might conceivably have been raised in Plaintiff's complaint: (1) a request for declaratory relief; (2) a claim that Defendant failed to modify Plaintiff's loan; (3) a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (4) a claim for violation of RESPA; (5) a claim under state law for wrongful foreclosure; and (6) a request for injunctive relief. [Doc. 4-1 at 1-2]. Because Plaintiff has not opposed Defendant's motion, Defendant's characterization of the complaint will be accepted for purposes of this discussion. See Grant v. BAC Home Loans Servicing, LP, No. 1:11-CV-02253-RWS, 2012 WL 887590, at *1 (N.D. Ga. Mar. 15, 2012).

## A.   Declaratory Relief

As Defendant argues, Plaintiff is not entitled to declaratory relief. See [Doc. 4-1 at 6]. Declaratory relief is appropriate when necessary "to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct which is properly incident to his alleged rights and which future action, without such directions, might reasonably jeopardize his interest." Henderson v. Alverson, 123 S.E.2d 721, 721-22 (Ga.

6

1962). Here, despite the complaint's title of "Petition for Declaratory Judgement," Plaintiff has not specified any "future act or conduct" for which he seeks guidance and protection against uncertainty. See id.; Cooke v. BAC Home Loans Servicing, LP, No. 1:11-cv-2126-TWT, 2011 WL 4975386, at *2 (N.D. Ga. Oct. 18, 2011) (dismissing claim for declaratory relief when plaintiffs failed to allege "any future act or conduct about which they are uncertain").

Accordingly, Plaintiff has failed to state any claim for declaratory relief.

## B. Defendant's Refusal to Modify Plaintiff's Loan

Defendant argues that Plaintiff's allegation that Defendant refused to modify Plaintiff's loan obligations fails to state a claim for relief. [Doc. 4-1 at 7]. Defendant submits that this allegation fails to state a claim because Plaintiff has not identified any basis for finding that Defendant breached any duty to modify Plaintiff's loan, or otherwise acted wrongfully in refusing to modify. [Id.]. The undersigned agrees. Plaintiff has not articulated any cause of action he intends to assert based upon the allegations that Defendant "refuse[d] to negotiate in good faith a modification of the mortgage loan" and "repeatedly refuse[d] to reduce the princip[al] and interest of [the] mortgage." [Doc. 1-1 at 4-5]. He has also not alleged any statutory, common law, or contractual duty that would obligate Defendant to negotiate or

7

modify the loan terms. See Love v. Bank of Am., N.A., No. 1:13-CV-01617-RWS, 2014 WL 1292652, at *4 (N.D. Ga. Mar. 31, 2014) (dismissing all claims based on allegation that bank failed to modify plaintiff's loan because bank owed no such duty); Caesar v. Wells Fargo Bank, N.A., 744 S.E.2d 369, 374 (Ga. Ct. App. 2013) (finding bank had no duty to modify plaintiff's loan or security deed), reconsideration denied (July 1, 2013), cert. denied (Nov. 4, 2013).

Accordingly, Plaintiff has failed to state any claim for relief based on Defendant's alleged failure or refusal to modify Plaintiff's loan obligations.

## C. Fair Debt Collection Practices Act ("FDCPA")

Plaintiff has also failed to state a claim under the FDCPA. To do so, Plaintiff must allege facts to show that "(1) the defendant is a 'debt collector'; (2) the challenged conduct is related to debt collection activity; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." Gardner v. TBO Capital LLC, 986 F. Supp. 2d 1324, 1332 (N.D. Ga. 2013) (citing Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011)). Here, as Defendant argues, despite identifying "Title 15 Fair Debt Collections Act" as "Mandatory Authority," [Doc. 1-1 at 4], Plaintiff has not alleged that

8

Defendant is a "debt collector," that it engaged in "debt collection activity," or that it violated any specific provision of the FDCPA. See [Doc. 4-1 at 7-9].

Accordingly, Plaintiff has failed to state a claim that Defendant violated the FDCPA.

## D. Real Estate Settlement Procedures Act ("RESPA")

Similarly, as Defendant argues, Plaintiff has failed to state a claim under RESPA. See [Doc. 4-1 at 9]. In general, RESPA prohibits kickbacks in the real estate settlement process and imposes certain disclosure obligations on the originators and servicers of federally related mortgage loans. See 12 U.S.C. §§ 2605, 2607; Marsh v. BAC Home Loans Servicing, LP, No. 2:09-CV-813, 2011 WL 1196415, at *6 (M.D. Fla. Mar. 29, 2011). Here, Plaintiff has not alleged any facts to show that he had a federally related mortgage loan; what role, if any, Defendant held with respect to his mortgage loan; or what duty or prohibition of RESPA Defendant allegedly violated "with foreclosure proceeding[s]." See [Doc. 1-1 at 5].

Accordingly, Plaintiff has failed to state a claim that Defendant violated RESPA.

## E. Wrongful Foreclosure

As Defendant argues, Plaintiff has also failed to allege sufficient facts to support a wrongful foreclosure claim. See [Doc.

9

4-1 at 9-11]. A claim for wrongful foreclosure under Georgia law requires a plaintiff to allege "a legal duty owed to [him] by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury [he] sustained, and damages." DeGolyer v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quoting Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004)). Here, Plaintiff alleges that Defendant violated O.C.G.A. § 44-14-162.2 by threatening to sell the subject property above its true market value, see [Doc. 1-1 at 5], but that statute merely specifies the content and timeliness requirements of a notice of foreclosure sale.[3] The sales price is not governed by § 44-14-162.2. Plaintiff has not alleged that Defendant failed to deliver written notice of the foreclosure sale at least thirty days in advance, or that the notice failed to include "the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage," as required by § 44-14-162.2. Thus, Plaintiff has failed to allege a violation of § 44-14-162.2.

---

[3] The allegation of a threat to sell above market value is curious. Foreclosing at a value above fair market value would generally be to the benefit of the mortgagor, assuming there was a default and foreclosure was otherwise authorized under the security deed.

10

AO 72A
(Rev.8/82)

Furthermore, Plaintiff has not alleged that Defendant violated any other provision of Georgia's nonjudicial foreclosure statute, and "a violation of the statute is necessary to constitute a wrongful foreclosure." McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000) (citing Calhoun First Nat'l Bank v. Dickens, 443 S.E.2d 837, 838 (Ga. 1994); Sears Mortg. Corp. v. Leeds Bldg. Prods., 464 S.E.2d 907, 909 (Ga. Ct. App. 1995); Tower Fin. Servs., Inc. v. Smith, 423 S.E.2d 257, 262 (Ga. Ct. App. 1992); Clark v. West, 395 S.E.2d 884, 886 (Ga. Ct. App. 1990)); see also Harris v. Chase Home Fin., LLC, 524 F. App'x 590, 592 (11th Cir. 2013) (per curiam) ("In order to prevail on a wrongful foreclosure claim in Georgia, the plaintiff must establish that the defendant violated Georgia's foreclosure statutes.").

Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure.

## F.    Injunctive Relief

Finally, Plaintiff is not entitled to injunctive relief. A preliminary injunction may only issue if the movant "clearly carries the burden of persuasion" as to all four prerequisites:

> (1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest.

11

Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).

Here, as Defendant argues, see [Doc. 4-1 at 12-13], and as explained more fully above, the allegations in the complaint fail to state any viable claims for relief. See supra Part III.A-E. Furthermore, Plaintiff has failed to show that he made any offer to tender any amounts admittedly due, as required by Georgia law to enjoin or set aside a foreclosure sale. See P.B.R. Enters., Inc. v. Perren, 253 S.E.2d 765, 768 (Ga. 1979); Hill v. Filsoof, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005). For these reasons, Plaintiff is unable to show "a substantial likelihood of success on the merits" as to any claim in the complaint. See Zardui-Quintana, 768 F.2d. at 1216; Jefferson Cnty., 720 F.2d at 1519.

Accordingly, Plaintiff has failed to state any claim for injunctive relief.

## IV.
### Conclusion

Upon consideration of the facts alleged, it is clear that no more careful drafting of the complaint could state a claim for relief and that any amendment would therefore be futile. See Bank, 928 F.2d at 1112. Accordingly, **IT IS RECOMMENDED** that Defendant's unopposed motion to dismiss, [Doc. 4], be **GRANTED** and that this

12

action be **DISMISSED.**

     **SO REPORTED AND RECOMMENDED,** this 30th day of October, 2014.

s/ <em>E. Clayton Scofield III</em><br>E. CLAYTON SCOFIELD III<br>UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)